**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION**

| | |
|---|---|
| KEANDRE ARNOLD, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:21-cv-00033-JPH-MG ) |
| FRANK VANIHEL, Warden,[1] | ) ) ) |
| Respondent. | ) |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Keandre Arnold filed a petition for a writ of habeas corpus challenging a Wabash Valley Correctional Facility disciplinary proceeding identified as WVE-20-10-0073. For the reasons explained in this Order, Mr. Arnold's habeas petition is **dismissed without prejudice** for failure to exhaust his administrative remedies, and the **clerk is directed to enter final judgment**.

### I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: (1) the issuance of at least 24 hours advance

---

[1] Petitioner included Lt. Fisher as a Respondent in this action. The Warden is the Petitioner's custodian and thus is the only proper Respondent in this action. *See* Rule 2, Rules Governing Section 2254 Cases ("the petition must name as respondent the state officer who has custody"). Accordingly, Lt. Fisher is dismissed as a Respondent and the **clerk is directed** to update the docket accordingly.

1

written notice of the charge; (2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; (3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and (4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

Before Indiana prisoners file a federal habeas petition challenging the deprivation of good-time credits or of credit-earning class without due process, they must first exhaust their available administrative remedies. *Lauderdale-El v. Indiana Parole Bd.*, 35 F.4th 572, 580 (7th Cir. 2022); *Moffat v. Broyles*, 288 F.3d 978, 981–82 (7th Cir. 2002) (explaining that in Indiana, the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies). This requires Petitioner to file his appeal "'in the place, and at the time, the prison's administrative rules require.'" *Chambers v. Ciolli*, No. 21-1484, 2021 WL 4950242, at *1 (7th Cir. Oct. 25, 2021) (dismissing § 2241 Petition for failure to exhaust) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)).

## II. The Disciplinary Proceeding

On October 22, 2020, Officer Melissa Foster issued a Conduct Report charging Mr. Arnold with a violation of Code B-231 for being under the influence of an intoxicating substance (e.g., alcohol, inhalants, or chemical-soaked paper). Dkt. 13-1. The Conduct Report states:

> On 10-22-20 at approximately 12:35 pm, I c/o M Foster escorted medical for temperature checks in DHU Center. When I approached cell 601 offender Arnold, Keandre, DOC#201948, the offender appeared disoriented, red eyed and unbalanced motions. In my experience and training with the IDOC, I believe the offender, Arnold Keandre to be under the influence of intoxicants. Medical was contacted to do a medical evaluation.

*Id.*

A hearing was held on November 30, 2020. Dkt. 13-6. The hearing officer found Mr. Arnold guilty based on staff reports, Mr. Arnold's statements, and evidence from witnesses. *Id.* Mr. Arnold was sanctioned with the loss of 30 days earned credit time. *Id.*

Mr. Arnold filed a first-level appeal with the Facility Head on December 13, 2020, and it was denied on January 13, 2021. Dkt. 13-11. While his first-level appeal was pending, he filed a second-level appeal with the Final Reviewing Authority, which was dismissed as premature on January 6, 2021, because it was not accompanied by the Facility Head's appeal decision. Dkt. 13-10.

Mr. Arnold filed his petition for a writ of habeas corpus on January 6, 2021. Dkt. 1. As of the date of this Order, Mr. Arnold has not filed a reply to Respondents' return.

### III. Analysis

Respondent argues that this habeas action should be dismissed because Mr. Arnold failed to exhaust the administrative appeals process before filing his petition for writ of habeas corpus. Dkt. 13.

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the Final Reviewing Authority may be raised in a subsequent petition

3

for writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat*, 288 F.3d at 981. The Indiana Department of Correction's Disciplinary Code for Adult Offenders 02-04-101 sets forth the process a prisoner must follow to appeal a disciplinary disposition. Dkt. 13-14.

There are two levels to the appeal process. *Id.* at p. 53-55. At the first level, "an offender who desires to appeal a disciplinary disposition shall complete State Form 39587, 'disciplinary hearing appeal,' within fifteen (15) calendar days from the date of the disciplinary hearing or receipt of the report of disciplinary hearing." *Id.* at 53. This first-level appeal must state the "specific reasons such a review is requested" and must be made to the Warden or designee of the facility (sometimes called the "Facility Head"), where the hearing was held. *Id.* The Warden or designee is required to respond to the appeal within 30 days from the date of receipt. *Id.* at p. 54.

If an offender's sanctions involved a grievous loss and the offender is dissatisfied with the response to his first-level appeal, he may file a second-level appeal to the Appeal Review Officer (sometimes called the "Final Reviewing Authority") "within fifteen (15) days from the date of receipt of the Warden or designee's appeal response." *Id.* at 54. The second-level appeal must be completed on State Form 39587 and "may be based only upon the same concerns in the first level appeal," as "[c]oncerns that deviate from the first level appeal may not be considered." *Id.*

In this case, Mr. Arnold's disciplinary hearing took place on November 30, 2020. Dkt. 13-6. He timely submitted a first-level appeal to the Facility Head on

4

December 13, 2020, it was received on December 16, 2020, and denied on January 13, 2021. Dkt. 13-11. The record reveals the Facility Head responded to Mr. Arnold's appeal within the 30-day deadline outlined in the IDOC policy. Dkts. 13-11 and 13-14 at p. 54.

Mr. Arnold also filed a second-level appeal with the Final Reviewing Authority, but it was properly rejected as premature on January 6, 2021, because the Facility Head had not yet rendered a decision on the first-level appeal. Dkt. 13-10.

Mr. Arnold filed this petition for writ of habeas corpus on January 6, 2021, before Mr. Arnold received a decision on his first-level appeal. Dkt. 1.

Mr. Arnold argues he appealed to the Facility Head three times but that prison officials refused to process his appeal. Dkt. 1. But the undisputed record reflects that Mr. Arnold did timely file a first-level appeal on December 13, 2020, and that it was accepted. Dkt. 13-11. He does not provide any information about when or how his other attempts to file a first-level appeal were made. In any event, Mr. Arnold only had to file one first-level appeal to satisfy the policy, and there is no dispute that he did so. Mr. Arnold's failure to exhaust does not hinge on his first-level appeal.

To the contrary, Mr. Arnold failed to exhaust because he did not complete the second step. He has not replied to the Respondent's argument that he was required to submit a second-level appeal to the final reviewing authority after his first-level appeal was denied on January 13, 2021. Mr. Arnold was fully informed of this requirement. First, the January 6, 2021, letter from the Appeal Review

5

Officer stated that he may submit a second-level appeal after he received a reply to his first-level appeal. Dkt. 1-1. In addition, the January 13, 2021, Facility Head denial was on State Form 39587 which provides the following instructions: "If the response is unfavorable and involves grievous loss sanctions, the offender may then forward the appeal, within (15) working days of the date the response is received from the facility head, to the appropriate Final Reviewing Authority." Dkt. 13-11.

Mr. Arnold has not fully presented his claims to the Final Reviewing Authority. Because he did not exhaust the administrative appeals process before filing this action, this action is dismissed without prejudice.

## IV. Conclusion

Accordingly, the petition for a writ of habeas corpus is **DENIED**. This action is **DISMISSED without prejudice**. Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 10/19/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KEANDRE ARNOLD
 Psychiatric Unit
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov